IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VICTOR PEREZ, Individually, and on behalf of a class of others similarly situated,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| **v.** ) | |
| ) | No. 07-2576-CM |
| **PAVLICH, INC.,** ) | |
| **and** ) | |
| **JIM PAVLICH,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On December 10, 2007, plaintiff Victor Perez filed a lawsuit under the Fair Labor Standards Act ("FLSA") individually, and on behalf of other similarly situated plaintiffs, against defendants Pavlich, Inc. and Jim Pavlich in *Perez v. Pavlich, Inc*. No 07-2576-CM ("*Perez I*"). On February 12, 2008, plaintiff filed another lawsuit against Pavlich, Inc. in his individual capacity, *Perez v. Pavlich, Inc*. No 08-2072-JLW ("*Perez II*"). This matter comes before the court on defendants' Motion to Consolidate Actions filed in *Perez I* (Doc. 12). Defendants filed a similar motion in *Perez II* (Doc. 7).

**I.    Background Facts**[1]

In May 2006, defendant hired plaintiff to work as a dump truck driver. Plaintiff's compensation was based on loads completed, not on the number of hours worked. Initially, plaintiff was assigned to work in the Parkville Quarry, but he was reassigned to the Peculiar Quarry within three weeks of being hired. According to plaintiff, dump truck drivers complete more loads per day

---

[1] For purposes of this motion, the court relies on the facts as alleged in plaintiff's complaints.

in the Parkville Quarry than in the Peculiar Quarry, and thus, make more money working in the Parkville Quarry.

In *Perez I*, plaintiff alleges that defendants Pavlich, Inc. and Jim Pavlich failed to accurately record hours employees worked and failed to pay employees for all hours worked. He brings the lawsuit as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), seeking to represent the following similarly situated individuals:

> All current and former Pavlich, Inc. employees who have worked for Defendants at any time during the last three years and whose job duties involved driving a commercial vehicle, fueling the vehicle, waiting to load and unload the vehicle, traveling, and all duties performed in connection with the aforementioned duties, such as attending meetings and completing paperwork.

He seeks damages equal to the amount of unpaid wages for the unrecorded and unpaid time worked within the three years preceding the filing of *Perez I*. In *Perez II*, plaintiff alleges that defendant Pavlich, Inc. discriminated against him based on his ancestry, Hispanic, in a variety of ways, including (1) relocating him from the more profitable Parkville Quarry to the Peculiar Quarry; (2) assigning only minorities to work in the Peculiar Quarry; (3) denying him benefits that Caucasian employees were granted, including the use of company vehicles and being allowed to bring children to work; and (4) terminating him for not attending the Saturday, October 28, 2006 meeting. Plaintiff seeks monetary damages under 42 U.S.C. §1981 and 42 U.S.C. §2000 et seq. ("Title VII").

**II.  Discussion**

Federal Rule of Civil Procedure 42(a) allows a court to consolidate "any or all the matters in issue in the actions" if the actions involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). In exercising its discretion, the court should consider whether

judicial efficiency is best served by consolidation.  *Johnson v. Unified Gov't*, No. 99-2407-JWL, 1999 WL 1096038, at *1 (D. Kan. Nov. 16, 1999).

Defendants contend that the two cases should be consolidated for all matters at issue because many of the witnesses are common to both cases and because the nexus between the claims is "self evident."  However, upon review of the record and the parties' arguments, the court finds that the common questions of law or fact between plaintiff's two cases do not require consolidation. Whether defendant Pavlich, Inc. discriminated against plaintiff based on his Hispanic ancestry and whether defendants Pavlich, Inc. and Jim Pavlich failed to pay certain employees in accordance with the FLSA are distinct inquiries.  Although some factual issues may overlap during discovery, at this stage of the proceedings, the court finds that consolidating the cases is unwarranted.  To the extent the same witnesses are involved in both cases, as defendants assert, the parties are encouraged to cooperate during discovery to avoid unnecessary costs.

**IT IS THEREFORE ORDERED** that defendants' Motion to Consolidate Actions (Doc. 12) filed in *Perez v. Pavlich, Inc*. No 07-2576-CM is denied.

Dated this 8th  day of October 2008, at Kansas City, Kansas.

                                               **s/ Carlos Murguia**
                                               **CARLOS MURGUIA**
                                               **United States District Judge**