IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VICTOR PEREZ, Individually, and on behalf of a class of others similarly situated,<br>    Plaintiff,<br>v.<br>PAVLICH, INC.,<br>and<br>JIM PAVLICH,<br>    Defendants. | CIVIL ACTION<br><br>No. 07-2576-CM |

## MEMORANDUM AND ORDER

Plaintiff Victor Perez filed this lawsuit under the Fair Labor Standards Act ("FLSA") against defendants Pavlich, Inc. and Jim Pavlich. Plaintiff alleges that defendants failed to accurately record hours employees worked and failed to pay employees for all hours worked. He brings the lawsuit as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), seeking to represent similarly-situated individuals. He seeks damages equal to the amount of unpaid wages for the unrecorded and unpaid time worked within the three years preceding the filing of this action. This matter is before the court on defendants' Motion to Require Preliminary Showing or Alternatively Motion for Summary Judgment (Doc. 13).

Defendants request that—before plaintiff is allowed to proceed with this action—the court require plaintiff to present evidence that he was not paid minimum wage during the time he worked for defendants. Defendants do not argue that plaintiff's pleadings are deficient nor do they seek relief under Federal Rule of Civil Procedure 12. Instead, defendants argue that they have provided plaintiff with records establishing that plaintiff was paid in excess of the minimum-wage required under the FLSA,

and therefore, plaintiff should be required to present evidence that he was not paid minimum wage. Defendants provide no authority for imposing this additional burden on plaintiff, and the court finds that it is improper at this stage of the proceeding. Defendants' request to require preliminary showing is denied. The court will consider the motion as a motion for summary judgment.

Plaintiff argues that defendants' motion for summary judgment is premature. Under Rule 56(f) "'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) (quoting *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). But relief under Rule 56(f) is not automatic. *Id*. "A party seeking to defer a ruling on summary judgment under Rule 56(f) must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Semsroth v. City of Wichita*, No. 06-2376-KHV, 2008 WL 640840, at *1 (D. Kan. Mar. 6, 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007)). A party must specifically state how the additional information will rebut summary judgment. *Id*.

Here, plaintiff's counsel filed an affidavit declaring, under penalty of perjury, that (1) discovery has been delayed due to issues related to the collective action notice; (2) factual information regarding the pay rate of defendants' drivers is absolutely necessary for plaintiff to oppose defendants' summary judgment motion; and (3) plaintiff has not received the necessary information from defendants. The affidavit does not state whether plaintiff has requested the information from defendants, but plaintiff's response brief states that the parties were working on a mutual protective order before disclosing documents related to pay calculations.

At the time defendants filed their motion and plaintiff responded to defendants' motion, discovery on certain material facts had not been completed.  In their reply brief, defendants rely on facts that had not been disclosed to plaintiff before plaintiff's response deadline.  Specifically, defendants assembled documentation that breaks down each individual workweek, the hours worked, and wages paid to plaintiff.  Defendants ascertained the information and disclosed it to plaintiff shortly before defendants' reply brief deadline.  Although defendants did not raise an entirely new argument in their reply brief, they are relying on information that was not available to plaintiff.  Because additional, material information was produced to plaintiff after plaintiff's deadline to respond to defendants' motion for summary judgment, the court finds that plaintiff has not had the opportunity to discover information that is essential to his opposition to defendants' summary judgment motion.  Accordingly, defendants' current motion is premature.  The motion is denied without prejudice.

The court notes that since defendants filed their reply brief, a protective order has been entered and plaintiff has received additional information about plaintiff's weekly pay rate.  Thus, the court will not set a specific time period for discovery regarding the pay rate of defendants' drivers.  The parties may file summary judgment motions when appropriate under the facts of the case and the court's scheduling order.

**IT IS THEREFORE ORDERED** that defendants' Motion to Require Preliminary Showing or Alternatively Motion for Summary Judgment (Doc. 13) is denied without prejudice.

Dated this 5th day of November 2008, at Kansas City, Kansas.

                                                   s/ Carlos Murguia
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**