IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VICTOR PEREZ, Individually, and on behalf of a class of others similarly situated, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAVLICH, INC. )<br>and )<br>JIM PAVLICH, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>No. 07-2576-CM |

## MEMORANDUM AND ORDER

Plaintiff Victor Perez filed this lawsuit under the Fair Labor Standards Act ("FLSA") against defendants Pavlich, Inc. and Jim Pavlich. Plaintiff alleges that defendants failed to accurately record hours employees worked and failed to pay employees for all hours worked. He brings the lawsuit as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), seeking to represent similarly-situated individuals, and has filed a motion requesting to amend his Complaint to assert a class action under Federal Rule of Civil Procedure 23. This matter is before the court on Plaintiff's Motion For An Extension Of Time To File His Motion For Class Certification (Doc. 41).

Under the current Scheduling Order, the deadline to file motions for class certification was February 16, 2009. That day, plaintiff filed the pending motion, requesting an extension of time to file his motion to certify a class until ten days after the court rules on his motion to amend his complaint. Plaintiff argues that the requested extension will provide an efficient and economical resolution of the class issues because the class and collective issues under § 216(b) and Rule 23 will involve similar factual allegations and administrative matters. Defendants oppose plaintiff's requested extension,

arguing that (1) plaintiff cannot establish a claim under the FLSA; (2) plaintiff waited until the last minute and is out of time; (3) and the extension will cause unnecessary delay, expense, and inconvenience.

For the following reasons the court grants plaintiff's motion for an extension of time. First, the court will not determine the merits of plaintiff's claim on his motion for extension of time. Whether this is a proper collective action under § 216(b) will be considered at the appropriate time. Second, plaintiff is not out of time. He timely filed his motion for extension of time by February 16, 2009. D. Kan. Rule 6.1(a). At the very least, if the court were to deny plaintiff's motion for extension of time, it would give him until the end of business today to file his motion for class certification. Third, whether plaintiff waits until the last minute to file a motion is a tactical decision that the court will not second-guess. The decision could have easily backfired on plaintiff—there is no guarantee a motion for extension of time will be granted. Finally, it appears that judicial economy will be served by handling the class and collective issues simultaneously. Based on the record, the court finds that the requested extension will not cause unnecessary delay, expense, and inconvenience, but will instead facilitate judicial economy.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For An Extension Of Time To File His Motion For Class Certification (Doc. 41) is granted.

Dated this 11th day of March 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**