# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VICTOR PEREZ, individually, and on behalf of a class of others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAVLICH, INC., and )<br>JIM PAVLICH )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>No: 07-CV-2576-CM-GLR |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion For Leave to File a First Amended Complaint and to Join Opt-In Plaintiffs as Named Plaintiffs (doc. 39). Pursuant to Federal Rule of Civil Procedure 15, Plaintiff Victor Perez seeks to add claims for violation of the Kansas Wage Payment Act, K.S.A. 44-313 *et. seq.*, and for unjust enrichment. He also seeks to add Danny Ledom and Lloyd McKnight as additional named plaintiffs pursuant to Rule 20. For the reasons set forth below, the motion is sustained.

**I.     Background**

Plaintiff brings this collective action for unpaid wages under the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). Plaintiff is a former truck driver for Defendant Pavlich, Inc. Duties of his employment generally consisted of picking up loads of material, such as rock or gravel, from a local quarry and delivering them to construction sites. His original Complaint alleges that he and other drivers similarly situated are entitled to relief on a class basis because of Defendant's failure to pay the drivers for all hours worked (the "FLSA claim").

Plaintiff says he has been contacted by other employees of Defendant. Two of them, Danny Ledom and Lloyd McKnight, have filed notices to opt-in to the FLSA claims (docs. 27 & 28). Plaintiff alleges that Ledom, McKnight and others have provided additional information that clarifies his original allegations and gives rise to the two proposed additional causes of action: a claim under the Kansas Wage Payment Act ("KWPA") and a claim for unjust enrichment. The proposed amended complaint would add these additional claims, for which Plaintiff would then seek "opt-out" class certification under Fed. R. Civ. P. 23. His proposed Amended Complaint would also add Ledom and McKnight as named plaintiffs in the FLSA collective action.

## II.   Standard for Ruling on Motions to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to allow an amended pleading] when justice so requires."[1] The Supreme Court has emphasized that this mandate be heeded.[2] Generally, the court will deny leave to amend upon a showing of: (1) undue delay, (2) bad faith or dilatory motive, (3) failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, or (5) futility of the amendment.[3] In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[4] Defendants here oppose the motion upon grounds of undue delay, bad faith, prejudice and futility. The Court will address each of these arguments.

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[4] *Collins v. Wal-Mart, Inc.,* 245 F.R.D. 503, 507 (D. Kan. 2007).

**III.    Discussion**

    **A.    Undue Delay**

The Tenth Circuit has instructed that when considering whether a movant is guilty of undue delay in requesting leave to amend, "the emphasis is on the adjective."[5]

> Lateness does not of itself justify the denial of the amendment. Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. However, a party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.[6]

Courts properly deny a motion to amend "when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'"[7] A court may also properly deny leave to amend when the plaintiff attempts to salvage a lost case by untimely suggestion of new theories of recovery, presents "theories seriatim" in an effort to avoid dismissal, or knowingly delays raising an issue until the eve of trial.[8]

Defendants argue that the instant motion to add two additional claims should be denied because it is untimely and to grant it would cause undue delay and prejudice. Defendants state that the facts and circumstances underlying the proposed claims under the theory of unjust enrichment and the KWPA were known to Plaintiff when he filed his original Complaint and thus should have been brought at that time. Defendants argue that unjust enrichment is a common claim and no new

---

[5]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

[6]*Id.* (internal citations omitted).

[7]*Id.*

[8]*Id.* (quotations and internal citations omitted).

3

information has come to light that did not previously exist to justify its inclusion. Defendants further argue that the facts have not changed to provide any new information to justify inclusion of the KWPA claim.

The Court finds these arguments without merit. Though it might have been reasonable for Plaintiff to include his KWPA and unjust enrichment claims in the original Complaint, it does not necessarily follow that bringing them now means he unduly delayed. Plaintiff states that, through discovery, he received additional information that clarified his allegations and gave rise to these additional claims. He seeks, moreover, to add these claims within the deadline established by the Court. That he "waited until the very last minute" by filing his motion on the date of the deadline, as Defendants charge, does not defeat the deadline. Defendants note, perhaps accurately, that allowing the addition of the KWPA claim means there will be both "opt-in" Plaintiffs (under the FLSA claims) and "opt-out" Plaintiffs (under the KWPA claims). They contend this may result in further delay and complications at trial. That is conceivable, but is often a possibility whenever amendments to pleadings are allowed. Nonetheless, the delay at issue in the instant inquiry focuses upon the delay of the moving party in filing the motion, not upon speculative delays upon allowing the amendment.

### B.    Prejudice

The Tenth Circuit has held that the "most important factor in deciding a motion to amend the pleadings is whether the amendment would prejudice the nonmoving party."[9] Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their

---

[9] *Id.* at 1207.

defense to the amendment.[10]  This occurs most often when the amended claims arise out of a different subject matter from what was set forth in the complaint and raise significant new factual issues.[11]  The party opposing the amendment has the burden of showing prejudice.[12]

Defendants argue that they are unduly prejudiced by the addition of the KWPA and unjust enrichment claims because such amendment would result in "a new wave of burdensome discovery." To illustrate, Defendants state they have already deposed Ledom and McKnight, but would now be required to renew those procedures to inquire into the new allegations. The Court declines to characterize that possibility as a "new wave of burdensome discovery."  In contrast, it appears the scope of the additional discovery would be fairly narrow in view of the information already gathered and which they extensively describe and cite. They acknowledge the relatedness of the additional claims.  Defendants have not argued that those claims arise from a different subject matter than the original claims.  The Court finds that the arguments fall short of meeting the burden to show prejudice that unfairly affects the ability of Defendants to prepare their defenses.

**C.     Bad Faith**

Defendants further argue that the proposed addition of the KWPA and unjust enrichment claims is "nothing more than an effort to attempt to coerce Defendants into settlement."  Insofar as this argument asserts bad faith on the part of Plaintiff, the Court will consider it.  Plaintiff states that he filed his motion for "good cause and not for any improper purpose."  Defendants do not

---

[10]*Minter*, 451 F.3d at 1208 (quotations and citations omitted).

[11]*Id.*

[12]*Miller v. Union Pac. R.R.*, No. 06-2399-JAR-DJW, 2008 WL 4271906, *3 (D. Kan. Sept. 12, 2008).

5

substantiate their suggestion that the reason for the motion is to simply to procure settlement and is not made in good faith. The Court finds no bad faith on the part of Plaintiff.

**D.     Futility**

A court may deny a motion to amend as futile "if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted."[13] Consequently, the court must analyze a proposed amendment as if it were before the court upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[14] Dismissal of a claim under Rule 12(b)(6) is only appropriate when it appears beyond a reasonable doubt that a plaintiff can prove no set of facts in support of the theory of recovery that would entitle it to relief.[15]

**1.     Kansas Wage Payment Act claim**

The proposed First Amended Complaint alleges that Perez, Ledom and McKnight requested that Defendant Pavlich inform them of their rate of pay. It further alleges that Defendants failed to provide them with their rate of pay in writing, as required by the Kansas Wage Payment Act, K.S.A. 44-320(a). That provision states that "[e]ach employer shall upon the request of the employee, notify such employee in writing or as required by a collective bargaining agreement, of the rate of pay and of the day and place of payment."[16]

---

[13] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4570930, at *5 (Dec. 27, 2007) (quoting *Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D. 662, 664 (D. Kan. 2003)).

[14] *Id.* (quotations and citations omitted).

[15] *Id.* (citing *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998)).

[16] K.S.A. 44-320(a).

6

From the depositions of Ledom and McKnight Defendants contend that neither Ledom nor McKnight ever requested their rate of pay. Each of them testified that Defendant Pavlich said they would get a percentage of the truck load revenue, after expenses. The standard percentage was 25 percent. Both Ledom and McKnight conceded they knew that they would receive that percentage as their pay. Each of them testified, moreover, either that they never requested or do not remember making any request from Defendants to inform them of their rate of pay, whether in writing or otherwise. This lack of request may indeed defeat their claims under K.S.A. 44-320(a). Their failure, however, would not defeat a similar claim by Plaintiff Perez. Apparently the parties have not yet deposed him.

Defendants contend that Ledom and McKnight never made any request about their rate of pay. In his deposition, Ledom was asked, "Did you ever talk with anyone at Pavlich management about the fact that you felt you are not being properly paid the entire time you worked there?" Ledom replied, "I can't remember, but I doubt it." Again similarly, McKnight answered in the affirmative when asked whether he was ever of the belief that he was not being properly paid by Defendant. He was then asked, "Did you ever talk about that with anyone with Pavlich that's in a management capacity?" McKnight replied: "No."

The Court agrees that the testimonies of Ledom and McKnight may indeed defeat their proposed claims under K.S.A. 44-320(a). Accordingly, those claims may be futile. But this does not preclude Plaintiff Perez from alleging a similar claim on his own behalf and possibly as a class representative for others. Although the claims of Ledom and McKnight under K.S.A. 44-320(a) may be futile, the allegations of a class action under the statute do not thereby become a futility.

### 2. FLSA claims

Defendants also contend that the proposed FLSA claims of Ledom and McKnight would be futile. Defendants argue that the FLSA collective action is based upon minimum wage violations and that the testimony of Ledom and McKnight and payment records prove they were never paid below the minimum wage. Defendants argue, therefore, that the addition of their FLSA claims would be futile. Because Ledom and McKnight have already opted into the FLSA collective action, the Court finds it inappropriate to discuss the merits of their individual FLSA claims at this stage. The Court further finds that the requirements for permissive joinder under Rule 20(a)(1) are satisfied as to Ledom and McKnight. Their FLSA claims arise out of the same series of transactions with the same employer and will have questions of law or fact common to all the plaintiffs. Accordingly, the Court sustains the motion to add opt-in plaintiffs Ledom and McKnight as named plaintiffs in the FLSA collective action.

### 3. Unjust Enrichment

Defendants make no persuasive arguments regarding the futility of allowing Ledom and McKnight to add claims for unjust enrichment. Defendants instead repeat the arguments about delay and prejudice that the Court has rejected. The Court accordingly sustains the motion to add the claim of unjust enrichment as a putative class action under Fed. R. Civ. P. 23.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave to File a First Amended Complaint and to Join Opt-In Plaintiffs as Named Plaintiffs (doc. 39) is sustained. On or before **March 23, 2009**, Plaintiff(s) shall file the First Amended Complaint.

Dated in Kansas City, Kansas on this 12th day of March, 2009.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge
